*In The*

# United States Court of Appeals

*For The Fourth Circuit*

## UNITED STATES OF AMERICA,

*Plaintiff – Appellee,*

**v.**

## ANGELA RENE WILKERSON,

*Defendant – Appellant.*

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NORTH CAROLINA AT RALEIGH

_____

## BRIEF OF APPELLANT

_____

Joseph R. Conte
Charles J. Soschin
LAW OFFICE OF J. R. CONTE, P.L.L.C.
400 7th Street, N.W., Suite 400
Washington, D.C. 20004
(202) 638-4100

*Counsel for Appellant*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........................................................................... iii

JURISDICTIONAL STATEMENT .................................................................1

STATEMENT OF ISSUES ..............................................................................1

STATEMENT OF CASE ................................................................................2

STATEMENT OF FACTS ..............................................................................2

SUMMARY OF ARGUMENT .......................................................................5

ARGUMENT ...................................................................................................6

    I.    THE DISTRICT COURT IMPOSED A PROCEDURALLY UNREASONABLE SENTENCE ........................................................6

        a.    Standard of Review .................................................................6

        b.    The Court Erred in Applying the Dangerous Weapon Enhancement and Failed to Make a Finding as to Whether it Applies ....................................................................7

        c.    The District Court Failed to Consider the Pertinent Sentencing Factors of 18 U.S.C. § 3553 and Failed to State its Reason For the Sentence .............................................10

    II.    THE COURT FAILED TO PROVIDE MS. WILKERSON AN OPPORTUNITY TO ALLOCUTE AT SENTENCING ...................15

        a.    Standard of Review ...............................................................15

        b.    Federal Rule of Criminal Procedure 32(i)(4)(A)(ii) .................15

III.    THE WAIVER OF APPELLATE RIGHTS IN THE PLEA AGREEMENT DOES NOT BAR THIS APPEAL ............................18

      a.    Standard of Review ..................................................................18

      b.    The Waiver Does Not Apply Since the District Court Failed to Properly Question Ms. Wilkerson About the Waiver, Miscalculated the Guidelines, Failed to Articulate a Reason For the Sentence, Failed to Consider the Pertinent Sentencing Factors, and Failed to Give Ms. Wilkerson an Opportunity to Allocute at Sentencing ...............18

CONCLUSION .......................................................................................21

REQUEST FOR ORAL ARGUMENT ..................................................21

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

Gall v. United States,
     522 U.S. 38 (2007)......................................................................6, 12

Green v. United States,
     365 U.S. 301 (1961)........................................................................16

Rita v. United States,
     551 U.S. 338 (2007)........................................................................12

United States v. Anderson,
     987 F.2d 251 (5th Cir. 1993) .........................................................15

United States v. Attar,
     38 F.3d 727 (4th Cir. 1994) .....................................................18, 19

United States v. Blauvelt,
     638 F.3d 281 (4th Cir. 2011) ...........................................................7

United States v. Booker,
     543 US 220 (2005)...........................................................................6

United States v. Boulware,
     604 F.3d 832 (4th Cir. 2010) .........................................................13

United States v. Carter,
     564 F.3d 325 (4th Cir. 2009) .............................................12, 13, 14

United States v. Cole,
     27 F.3d 996 (4th Cir. 1994) .....................................................16, 17

United States v. Daughtrey,
     874 F.2d 213 (4th Cir. 1989) ...........................................................7

United States v. Davis,
    954 F.2d 182 (4th Cir. 1992) .........................................................................19

United States v. Evans,
    526 F.3d 155 (4th Cir. 2008) ......................................................................6, 7

United States v. General,
    278 F.3d 389 (4th Cir. 2010) .........................................................................19

United States v. Hall,
    46 F.3d 62 (11th Cir. 1995) .............................................................................8

United States v. Johnson,
    943 F.2d 383 (4th Cir. 1991) ...........................................................................8

United States v. Lewis,
    10 F.3d 1086 (4th Cir. 1993) .........................................................................17

United States v. Lynn,
    592 F.3d 572 (4th Cir. 2010) ...........................................................11, 12, 13

United States v. Mack,
    200 F.3d 653 (9th Cir. 2000) .........................................................................16

United States v. Magwood,
    445 F.3d 826 (5th Cir. 2006) .........................................................................15

United States v. Manigan,
    592 F.3d 621 (4th Cir. 2010) .........................................................8, 9, 18, 19

United States v. Marin,
    961 F.2d 493 (4th Cir. 1992) .........................................................................19

United States v. McAllister,
    272 F.3d 228 (4th Cir. 2001) ...........................................................................8

United States v. Miggins,
    302 F.3d 384 (6th Cir. 2002) ...........................................................................8

United States v. Muhammad,
    478 F.3d 247 (4th Cir. 2007) ...........................................................15, 16, 17

United States v. Olano,
    507 U.S. 725 (1993).....................................................................................15

United States v. Powell,
    650 F.3d 388 (4th Cir. 2011) ........................................................................13

United States v. Prouty,
    303 F.3d 1249 (11th Cir. 2002) ....................................................................16

United States v. Rusher,
    966 F.2d 868 (4th Cir. 1992) ..........................................................................7

United States v. Simpson,
    430 F.3d 1177 (D.C. Cir. 2005).....................................................................12

United States v. Stuver,
    845 F.2d 73 (4th Cir. 1988) ..........................................................................16

United States v. Swanberg,
    370 F.3d 622 (6th Cir. 2004) ........................................................................18

United States v. Thompson,
    595 F.3d 544 (4th Cir. 2010) ........................................................................13

United States v. Wessells,
    936 F.2d 165 (4th Cir. 1991) ........................................................................18

## **STATUTES**

18 U.S.C. § 3231 .................................................................................................1

18 U.S.C. § 3553 .................................................................................10, 11, 13

18 U.S.C. § 3553(a) .....................................................................................passim

18 U.S.C. § 3553(c) ................................................................................6, 11, 15

18 U.S.C. § 3553(e) .................................................................................................3

18 U.S.C. § 3742 ....................................................................................................20

21 U.S.C. § 846 ....................................................................................................1, 2

28 U.S.C. § 1291 .....................................................................................................1

28 U.S.C. § 1294(1) .................................................................................................1

28 U.S.C. § 2255 ....................................................................................................20

**RULES**

Fed. R. Crim. P. 11................................................................................................19, 20

Fed. R. Crim. P. 11(b)(1)(N)..................................................................................19

Fed. R. Crim. P. 52(b)............................................................................................15

Fed. R. Crim. P. 32(i)(4)(A)(ii)..............................................................................15

**SENTENCING GUIDELINES**

U.S.S.G. § 2D1.1....................................................................................................3, 8

U.S.S.G. § 2D1.1(b)(1) .......................................................................................3, 7, 9

U.S.S.G. § 3E1.1(a)................................................................................................3

U.S.S.G. § 3E1.1(b) ...............................................................................................3

U.S.S.G. § 5K1.1 ...................................................................................................3

U.S.S.G. § 5K1......................................................................................................9

# JURISDICTIONAL STATEMENT

Appellant Angela Wilkerson was convicted of one count of conspiracy to distribute and possess with the intent to distribute one kilogram or more of heroin in violation of 21 U.S.C. § 846 in the United States District Court for the Eastern District of North Carolina, the Honorable Terrence W. Boyle. Final judgment was entered on May 6, 2013. A timely notice of appeal was filed on May 16, 2013.

The District Court exercised subject matter jurisdiction pursuant to 18 U.S.C. § 3231. This Court has appellate jurisdiction over this appeal from a final order in a criminal case pursuant to 28 U.S.C. §§ 1291, 1294(1).

# STATEMENT OF ISSUES

I.     WHETHER THE DISTRICT COURT IMPOSED A PROCEDURALLY UNREASONABLE SENTENCE BY APPLYING THE DANGEROUS WEAPON ENHANCEMENT, FAILING TO MAKE A FINDING AS TO WHETHER THAT ENHANCEMENT APPLIES, FAILING TO CONSIDER THE PERTINENT SENTENCING FACTORS OF 18 U.S.C. § 3553(a), AND FAILING TO EXPLAIN ITS REASON FOR THE SENTENCE?

II.    WHETHER THE DISTRICT COURT PROVIDED MS. WILKERSON AN OPPORTUNITY TO ALLOCUTE AT SENTENCING?

III.   WHETHER THE WAIVER OF APPELLATE RIGHTS IN THE PLEA AGREEMENT BARS THIS APPEAL SINCE THE DISTRICT COURT FAILED TO PROPERLY QUESTION MS. WILKERSON ABOUT THE WAIVER, MISCALCULATED THE GUIDELINES, FAILED TO ARTICULATE A REASON FOR THE SENTENCE, FAILED TO CONSIDER THE PERTINENT SENTENCING FACTORS, AND FAILED TO GIVE MS. WILKERSON AN OPPORTUNITY TO ALLOCUTE AT SENTENCING?

## STATEMENT OF CASE

Appellant Angela Rene Wilkerson pleaded guilty to a single count of conspiracy to distribute and possess with the intent to distribute one kilogram or more of heroin in violation of 18 U.S.C. § 846 in the United States District Court for the Eastern District of North Carolina, the Honorable Terrence W. Boyle.

Ms. Wilkerson provided substantial assistance and the United States asked the District Court for a downward departure from the mandatory 10 year term of imprisonment.

Ms. Wilkerson was sentenced to a 70 month term of imprisonment, 5 years of supervised release, and a $100.00 special assessment. Final judgment was entered on May 6, 2013. A timely notice of appeal was filed on May 16, 2013.

## STATEMENT OF FACTS

On September 15, 2012, Angela Rene Wilkerson was indicted on one count of conspiracy to distribute and possess with the intent to distribute one kilogram or more of heroin in violation of 21 U.S.C. § 846 in the United States District Court for the Eastern District of North Carolina. J.A. 6.

On December 13, 2012 Ms. Wilkerson pleaded guilty to a single count of conspiracy to distribute and possess with the intent to distribute one kilogram or more of heroin in violation of 18 U.S.C. § 846. J.A. 10-11.

Ms. Wilkerson's guilty plea was taken pursuant to a written Plea Agreement. J.A. 38. The Plea Agreement contained a waiver of appellate rights. J.A. 38. The probation department filed a Presentence Investigation Report (PSR) on March 13, 2013. J.A. 47. The PSR calculated Ms. Wilkerson's base offense level as 26 pursuant to U.S.S.G. § 2D1.1. J.A. 56. Ms. Wilkerson received a 2 level enhancement for possessing a dangerous weapon pursuant to U.S.S.G. § 2D1.1(b)(1). Id. She received a 3 level decrease for accepting responsibility under U.S.S.G. §§ 3E1.1(a) and (b). Id. Thus, the PSR calculated the total offense level as 25. Id. Based upon a total offense level of 25 and a criminal history category of I, the guideline imprisonment range was 57 to 71 months. Id.

Ms. Wilkerson objected to the 2 level enhancement for possessing a firearm under U.S.S.G. § 2D1.1(b)(1). J.A. 45. Ms. Wilkerson argued the firearm belonged to her codefendant, and she was unaware he left the firearm at her residence. Id. Ms. Wilkerson argued that if the enhancement is not applied she could qualify for a safety valve adjustment. Id.

A sentencing hearing occurred on April 30, 2013. J.A. 21. At the hearing the United States informed the court that Ms. Wilkerson's assistance led to the arrest of her source of supply and to the execution of a search warrant. The United States, pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1, requested "a 40 percent reduction from the bottom of the guideline range of 120 months . . . a 72-

month sentence."[1]  J.A. 22.  Counsel for Ms. Wilkerson addressed the pertinent sentencing factors under 18 U.S.C. § 3553(a) including her education, employment, and criminal history.  J.A. 26.  Then the following colloquy occurred between Ms. Wilkerson's counsel and the Court:

Mr. LeLiever:     I'm sorry for going on and on, Your Honor.

The Court:        It's not a good thing to go on and on and on.  That's not in the book on effective advocacy.  There isn't a chapter that says on and on and on.  Just telling you.  Have you read that book, effective advocacy?

Mr. LeLiever:     You are right.

The Court:        No such book, but it's a seat of the pants, common sense, trial and error kind of thing, but there's no on and on and on chapter.  Go ahead.

Mr. LeLiever:     Your Honor, I will sit down.

The Court:        Okay.  This will be the judgment.  The defendant is confined to the custody of the United States Bureau of

---

[1] The United States asked the court for a 40 percent reduction from the bottom end of the guidelines for a total sentence of 72 months.  Ms. Wilkerson's guideline range, however, was 57 to 71 months.  A 40 percent reduction from the bottom end of the guidelines in this case is 34.2 months.

Prisons or its authorized representative for imprisonment

for a term of 70 months. . .

J.A. 27.

The court did not address or make any findings regarding Ms. Wilkerson's objection to the dangerous weapon enhancement. Nor did the court address any of Ms. Wilkerson's other sentencing arguments other than recommending her for drug treatment and vocational training. J.A. 27. The court also failed to explain its reasoning for the sentence. Finally, the court did not give Ms. Wilkerson an opportunity to allocate.

Ms. Wilkerson was sentenced to a 70 month term of imprisonment, 5 years of supervised release, and a $100.00 special assessment. J.A. 27. Final judgment was entered on May 6, 2013. J.A. 30. A timely notice of appeal was filed on May 16, 2013. J.A. 36.

## SUMMARY OF ARGUMENT

The District Court imposed a procedurally unreasonable sentence. Specifically, over the defendant's objection, the District applied a 2 level sentencing enhancement for possession of a firearm. The District Court failed to consider the arguments regarding this issue and did not make any finding as to whether it should or should not apply in this case. Furthermore, the District Court failed to consider the pertinent sentencing factors from 18 U.S.C. § 3553(a) and

failed to state its reason for imposing the sentence as required by 18 U.S.C. § 3553(c).

In addition to imposing a procedurally unreasonable sentence, the District Court committed plain error by not proving Ms. Wilkerson with an opportunity to allocute at her sentencing hearing. Ms. Wilkerson could have received a lesser sentence and should have been given a chance to speak on her own behalf.

Finally, the waiver of appellate rights in the Plea Agreement does not bar this appeal since the District Court's inquiry into the waiver during the Rule 11 colloquy was deficient, since it imposed a procedurally unreasonable sentence, and since it denied Ms. Wilkerson the opportunity to allocate at her sentencing hearing.

## ARGUMENT

### I. THE DISTRICT COURT IMPOSED A PROCEDURALLY UNREASONABLE SENTENCE.

#### a. Standard of Review.

An appellate court reviews sentences "under a differential abuse of discretion standard." United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008) (citing Gall v. United States, 522 U.S. 38 (2007)) (Internal quotation omitted.)

Since the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), the federal Sentencing Guidelines have been advisory, and appellate review of district court sentences has been for "reasonableness."

"Initial review is for significant procedural error ensuring that the district court has not . . . failed to [correctly calculate] the Guideline range, treated the Guidelines as mandatory, failed to consider the § 3553(a) factors . . . or failed to adequately explain the chosen sentence." Evans at 161. "Then an appellate court considers the substantive reasonableness of the sentence imposed." Id.

An appellate court reviews a district court's factual findings for clear error and it reviews de novo the district court's application and interpretation of the sentencing guidelines. United States v. Daughtrey, 874 F.2d 213, 217-18 (4th Cir. 1989).

The district court makes an enhancement determination based on a preponderance of the evidence standard. United States v. Blauvelt, 638 F.3d 281, 293 (4th Cir. 2011). The question of whether a defendant, as a specific offense characteristic, possessed a dangerous weapon for purposes of the weapon enhancement is a factual determination subject to clear error review. United States v. Rusher, 966 F.2d 868, 880 (4th Cir. 1992).

**b. The Court Erred in Applying the Dangerous Weapon Enhancement and Failed to Make a Finding as to Whether it Applies.**

The United States Sentencing Guideline permits a 2 level increase "[i]f a dangerous weapon (including a firearm) was possessed." U.S.S.G. § 2D1.1(b)(1). "The enhancement for weapon possession in subsection (b)(1) reflects the

increased danger of violence when drug traffickers possess weapons." Application Note 11(A) of the Commentary to U.S.S.G. § 2D1.1. The enhancement should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense. Id. For example, the enhancement would not be applied if the defendant, arrested at the defendant's residence, had an unloaded hunting rifle in the closet. Id.

The Government must prove by a preponderance of the evidence that the weapon was possessed in connection with drug activity that was part of the same course of conduct or common scheme as the offense of conviction. United States v. Manigan, 592 F.3d 621, 628-629 (4th Cir. 2010) (quoting United States v. McAllister, 272 F.3d 228, 233-34 (4th Cir. 2001) (internal quotation marks omitted). To satisfy that burden the Government does not need to prove precisely concurrent acts, such as a gun in hand while in the act of storing drugs. Manigan at 629 (quoting United States v. Johnson, 943 F.2d 383, 386 (4th Cir. 1991) (internal quotation marks omitted). Rather, proof of constructive possession of the dangerous weapon is sufficient, and the Government is entitled to rely on circumstantial evidence to carry its burden. Manigan at 629 (citing United States v. Miggins, 302 F.3d 384, 391 (6th Cir. 2002); United States v. Hall, 46 F.3d 62, 64 (11th Cir. 1995)).

In assessing whether a defendant possessed a firearm in connection with relevant drug activity, a sentencing court is entitled to consider several pertinent factors including the type of firearm involved and the location and proximity of the firearm. Manigan at 629.

Ms. Wilkerson objected to the two level enhancement under U.S.S.G. § 2D1.1(b)(1). J.A. 45. Ms. Wilkerson argued the firearm belonged to her co-defendant. Id. Ms. Wilkerson stated she was unaware the codefendant left the firearm at her residence. Id. If the firearm was connected to Ms. Wilkerson's drug activities (i.e.: transporting the narcotics) it would likely have been in her purse with the narcotics, or in her vehicle rather than under her bed. No firearms were recovered during the search of Ms. Wilkerson's vehicle. The fact that the firearm was found under the bed suggests that it was not connected to the drug activity.

Without the two level enhancement, Ms. Wilkerson's total offense level would be 23, giving her a guideline range of 46 to 57 months. While the mandatory minimum sentence is 120 months, the court must still properly calculate the guideline range. In this case, after the government's 5K1, Ms. Wilkerson received a 70 months sentence which was within the range calculated by including the enhancement. She also may have qualified for a safety valve but for the firearm.

Nothing in the record shows the District Court considered arguments for this issue. However, since Ms. Wilkerson received a sentence within the guideline range that was calculated by including this enhancement, and since the District Court stated "[h]er guideline range is a 25, Level I," it appears as though the District Court did apply the dangerous weapon enhancement at sentencing. J.A. 22.

Thus, the District Court erred in applying a 2 level enhancement because the evidence does not support Ms. Wilkerson possessing the firearm in connection with the offense. Without this enhancement, Ms. Wilkerson may have qualified for a safety valve sentence. Furthermore, even if this enhancement does apply in this case, Ms. Wilkerson was entitled to a finding by the District Court, and the lack of such finding was clear error.

### c. The District Court Failed to Consider the Pertinent Sentencing Factors of 18 U.S.C. § 3553 and Failed to State its Reason For the Sentence.

The United States Code lists factors the court should consider when sentencing a defendant. These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
> > (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B)     to afford adequate deterrence to criminal conduct;

(C)     to protect the public from further crimes of the defendant; and

(D)     to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)     the kinds of sentences available;

(4)     the kinds of sentence and the sentencing range established for—

(A)     the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines

(5)     any pertinent policy statement

(6)     the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7)     the need to provide restitution to any victims of the offense

18 U.S.C. § 3553(a).

In addition to the § 3553(a) factors, "[t]he court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). "The court must conduct an 'individualized assessment' justifying the sentence imposed and rejection of arguments for a higher or lower sentence based on § 3553." United States v. Lynn, 592 F.3d 572, 584 (4th Cir. 2010). "Where the defendant or prosecutor presents nonfrivolous reasons for imposing a different sentence than that set forth in the advisory Guidelines, a

district judge should address the party's arguments and explain why he has rejected those arguments." United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (internal quotation marks omitted).

The district court must provide a sufficient explanation to "demonstrate that it considered the parties' arguments and ha[d] a reasoned basis for exercising [its] own legal decision making authority." Lynn at 576 (quoting Rita v. United States, 551 U.S. 338, 356 (2007)). Such explanation is required to "promote the perception of fair sentencing" and to permit "meaningful appellate review." Lynn at 576 (quoting Gall v. United States, 552 U.S. at 50).

There is no requirement that the district court refer specifically to each factor if a defendant has not asserted the importance of that factors. United States v. Simpson, 430 F.3d 1177, 1187 (D.C. Cir. 2005). However, a failure by a sentencing judge to consider § 3353(a) factors raised by the defendant is a "significant procedural error." Gall at 51. In reviewing whether a district court has properly considered a sentencing argument, an appellate court may not guess at the district court's rationale, searching the record for statements by the Government or defense counsel or for any other clues that might explain a sentence. Carter at 564.

To preserve the issue of whether the court considered the relevant sentencing factors, the defendant need not specifically object after the court has pronounced a

sentence, but he must at some point in the proceedings "draw[ ] arguments from § 3553 for a sentence different than the one ultimately imposed." United States v. Powell, 650 F.3d 388, 395 (4th Cir. 2011) (citing Lynn at 578); see also United States v. Boulware, 604 F.3d 832, 838 (4th Cir. 2010) ("[A]rguments made under § 3553(a) for a sentence different than the one that is eventually imposed are sufficient to preserve claims."); United States v. Thompson, 595 F.3d 544, 546 (4th Cir. 2010) ("[A] defendant need only ask for a sentence outside the range calculated by the court prior to sentencing in order to preserve his claim for appellate review."). If he does not do so, plain error review applies. See Lynn, 592 F.3d at 577.

In Carter, this Court reversed the sentence imposed by the district court, holding that the district court did not provide sufficient individualized reasons, relating the facts of the defendant's case to the § 3553(a) factors, to justify the sentence imposed. Carter at 330. This Court faulted the district court for stating that it was taking the § 3553(a) factors into consideration, but failing to explain how those factors related specifically to the defendant. Id. at 328-329. The district court did not specifically adopt any of the reasons put forth by the defendant as reasons in support of his sentence. Id. This Court held that it could not determine from the record what, if any, of the facts put forth by the defendant were found to be persuasive by the district court. Id.

In this case, Ms. Wilkerson preserved this issue by asking the District Court to impose a lesser sentence based on numerous factors.[2]  The District Court failed to address Ms. Wilkerson's arguments to mitigate the sentence, and failed to state its reasons for the sentence.[3]   Ms. Wilkerson's objection to the 2 level enhancement for possessing a dangerous weapon was not considered by the District Court.  Ms. Wilkerson's arguments regarding her education, employment history, family support, drug weight, and substantial assistance went without consideration.   After hearing arguments from the United States and defense counsel, the District Court immediately announced the sentence without stating any reasons for the sentence.

The District Court's failure to consider the sentencing factors and state its reasons for the sentence is an even more serious deficiency than in the Carter case.  In Carter, the district court told the defendant that it was considering the § 3553(a) factors, but did not go into specifics.  Carter at 328-329.  In this case, the District Court did not even acknowledge the § 3553(a) factors.

---

[2] If plain error review applies to this issue, this Court should find that plain error exists. The District Court's failure to consider sentencing factors and its failure to state the reasons for the sentence amount to a plain error. Since Ms. Wilkerson could have received a lesser sentence, the plain error affected her substantial rights and the fairness and integrity of the proceedings.

[3] The District Court also failed to consider the application of the dangerous weapon enhancement and the safety valve as discussed in section I of this Brief.

Thus, the District Court committed reversible error when it failed to consider the pertinent sentencing factors under 18 U.S.C. § 3553(a) and failed to state its reasons for the sentence under 18 U.S.C. § 3553(c).

## II. THE COURT FAILED TO PROVIDE MS. WILKERSON AN OPPORTUNITY TO ALLOCUTE AT SENTENCING.

### a. Standard of Review.

Since there was no objection in the District Court, the denial of allocution is reviewed for plain error. United States v. Muhammad, 478 F.3d 247, 249 (4th Cir. 2007); Fed. R. Crim. P. 52(b). To establish plain error, there must be a showing that an error occurred, that the error was plain, that the error affected substantial rights, and that the error seriously affects the fairness, integrity or public reputation of judicial proceedings. Muhammad at 249 (citing United States v. Olano, 507 U.S. 725, 731-32 (1993)).

### b. Federal Rule of Criminal Procedure 32(i)(4)(A)(ii).

Federal Rule of Criminal Procedure 32(i)(4)(A)(ii) states that "[b]efore imposing a sentence, the court must . . . address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence. Generally, a defendant must expressly and unequivocally be given an opportunity to personally speak on his own behalf before a sentence is imposed. See, e.g., United States v. Anderson, 987 F.2d 251, 261 (5th Cir. 1993); United States v. Magwood, 445 F.3d 826, 829 (5th Cir. 2006). The court must afford the

defendant an opportunity to "present all available accurate information bearing on mitigation of punishment." United States v. Mack, 200 F.3d 653, 658 (9th Cir. 2000). The district court must then "listen and give careful and serious consideration to such information." Mack, 200 F.3d at 659.

The opportunity to allocute is not satisfied by merely affording the Defendant's counsel the opportunity to speak. Muhammad, 478 F.3d at 249 (internal quotation marks omitted); see also United States v. Stuver, 845 F.2d 73, 74 (4th Cir. 1988) (recognizing that the record must reflect that the defendant knew he had a right to speak in mitigation).

"[T]he right of allocution is the type of important safeguard that helps assure the fairness, and hence legitimacy, of the sentencing process." United States v. Prouty, 303 F.3d 1249, 1253 (11th Cir. 2002) (internal quotations omitted). Failing to offer allocution, when it might affect the sentence, is manifestly unjust. Id. When a defendant does not have an opportunity to allocute and does "not receive the lowest possible sentence within the applicable guideline range," the district court commits reversible error. Id. "[T]rial judges should leave no room for doubt that the defendant has been issued a personal invitation to speak prior to sentencing." United States v. Cole, 27 F.3d 996, 998 (4th Cir. 1994) (citing Green v. United States, 365 U.S. 301, 304-05 (1961)).

A denial of the right to allocution affects substantial rights when a defendant could have received a shorter sentence had they been given the opportunity to allocate. See United States v. Lewis, 10 F.3d 1086, 1092 (4th Cir. 1993); Muhammad, 478 F.3d at 249. When a defendant is unable to allocate at sentencing and there exists a possibility that allocution could have led to a lesser sentence, then the "fairness and integrity of the court proceedings would be brought into serious disrepute." Cole at 999.

In Cole, this Court vacated and remanded for resentencing after finding that the defendant was denied the opportunity to allocate at his sentencing hearing. Id. at 997. The defendant was convicted of possession of crack cocaine with intent to distribute and sentenced to a 63 month term of imprisonment. Id. At the sentencing hearing, however, the defendant was not given an opportunity to allocate. Id. at 998. This Court held that had the defendant been given the opportunity to allocate, he may have been able to persuade the court that he should be held accountable for a lesser drug quantity. Id. at 999. In addition, he may have been able to persuade the court that he should get 2 levels off for acceptance of responsibility. Id.

The District Court committed plain error since it failed to give Ms. Wilkerson an opportunity to allocate at sentencing. That error affected Ms. Wilkerson's substantial rights and the fairness and integrity of the court

proceedings since she could have received a lesser sentence. Ms. Wilkerson may have been able to persuade the court not to apply the 2 level enhancement for possession of a dangerous weapon. She would have had the opportunity to show remorse for her actions. Thus the District Court committed plain error when it denied Ms. Wilkerson the right to allocution.

## III. THE WAIVER OF APPELLATE RIGHTS IN THE PLEA AGREEMENT DOES NOT BAR THIS APPEAL.

### a. Standard of Review.

A court of appeals reviews de novo whether a federal defendant waived the right to appeal his or her sentence in a valid plea agreement. <u>Manigan</u>, 592 F.3d at 626; <u>United States v. Swanberg</u>, 370 F.3d 622, 626 (6th Cir. 2004).

### b. The Waiver Does Not Apply Since the District Court Failed to Property Question Ms. Wilkerson About the Waiver, Miscalculated the Guidelines, Failed to Articulate a Reason For the Sentence, Failed to Consider the Pertinent Sentencing Factors, and Failed to Give Ms. Wilkerson an Opportunity to Allocute at Sentencing.

Waiving the right to appeal in a valid plea agreement is enforceable against the defendant so long as it is "the result of a knowing and intelligent decision to forgo the right to appeal." <u>United States v. Attar</u>, 38 F.3d 727, 731 (4th Cir. 1994) (quoting <u>United States v. Wessells</u>, 936 F.2d 165, 167 (4th Cir. 1991)). Whether such a waiver is "knowing and intelligent" depends "upon the particular facts and circumstances surrounding [its making], including the background, experience, and

conduct of the accused." <u>Attar</u> at 731 (citing <u>United States v. Davis</u>, 954 F.2d 182, 186 (4th Cir. 1992)).

An important factor in evaluating the enforcement of an appellate waiver is whether the district court sufficiently explained the waiver to the defendant during the Federal Rule of Criminal Procedure 11 plea colloquy. <u>Manigan</u>, 592 F.3d at 627 (citing <u>United States v. General</u>, 278 F.3d 389, 400 (4th Cir. 2010). Rule 11 requires that a district court, before accepting a plea of guilty, inform the defendant of, and determine that the defendant understands, . . . the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence. Fed. R. Crim. P. 11(b)(1)(N).

Although a district court's failure to strictly abide by Rule 11 will not alone render an appellate waiver unenforceable, "a waiver is not knowingly or voluntarily made if the district court fails to specifically question the defendant concerning the waiver provision of the plea agreement during the Rule 11 colloquy and the record indicates that the defendant did not otherwise understand the full significance of the waiver," <u>Manigan</u> at 627 (citing <u>United States v. Marin</u>, 961 F.2d 493, 496 (4th Cir. 1992)) (internal citations omitted).

In <u>Manigan</u>, this Court held that a waiver of appellate rights contained in the defendant's plea agreement was unenforceable. <u>Manigan</u> at 627. The District Court failed to mention or question the defendant about the waiver during the Rule

11 Plea Colloquy and told the defendant that he would have the right to appeal the sentence.  Id. at 628.

In this case, Ms. Wilkerson's Plea Agreement contains the following appeal waiver:

> To waive knowingly and expressly the right to appeal whatever sentence is imposed, including any appeal pursuant to 18 U.S.C. § 3742, reserving only the right to appeal from a sentence in excess of the applicable advisory guidelines range that is established at sentencing, and further to waive any right to contest the conviction or the sentence in any post-conviction proceeding, including any proceeding under 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea.  The foregoing appeal waiver does not constitute or trigger a waiver by the United States or any of its rights to appeal provided by law.

J.A. 38.

During the plea hearing, the following occurred during the Rule 11 colloquy:

| | |
|---|---|
| The Court: | And you waive your right to appeal and waive your right to challenge the conviction at any post conviction proceeding.  Has anyone forced you or pressured you to enter a plea of guilty? |
| Ms. Wilkerson: | No. |
| The Court: | Are you doing it of your own choice? |
| Ms. Wilkerson: | Yes. |

J.A. 14.

Thus the District Court never gave Ms. Wilkerson a chance to answer the question regarding whether she understood she was waiving her right to appeal. The appropriate question was phrased as a statement, then compounded with a question about whether anyone pressured Ms. Wilkerson to enter the plea of guilty. Hence, the record is unclear as to whether Ms. Wilkerson knowingly and intelligently waived her right to appeal. In addition, the procedural errors committed by the District Court in this case taint the sentence Ms. Wilkerson received. Thus, the appeal waiver in Ms. Wilkerson's Plea Agreement does not bar this appeal.

## CONCLUSION

For the foregoing reasons, Appellant Angela Wilkerson respectfully requests that this Honorable Court reverse the District Court's judgment.

## REQUEST FOR ORAL ARGUMENT

Appellant Angela Wilkerson respectfully requests this Court hear oral argument in this appeal.

Respectfully submitted,

/s/ Joseph R. Conte
Joseph R. Conte
400 7th Street, N.W.
Suite 400
Washington, D.C. 20004
Tel:    (202) 638-4100
Fax:    (202) 628-0249

/s/ Charles J. Soschin
Charles J. Soschin
400 7th Street, N.W.
Suite 400
Washington, D.C. 20004
Tel:    (703) 981-3629
Fax:    (202) 628-0249

*Counsel for Angela Rene Wilkerson*

# CERTIFICATE OF COMPLIANCE

1.   This brief complies with the type-volume limitation of Fed. R. App. P.
     28.1(e)(2) or 32(a)(7)(B) because:

     [ X ] this brief contains [*4,768*] words, excluding the parts of the brief
     exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

     [     ] this brief uses a monospaced typeface and contains [*state the number
     of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P.
     32(a)(7)(B)(iii).

2.   This brief complies with the typeface requirements of Fed. R. App. P.
     32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

     [ X ] this brief has been prepared in a proportionally spaced typeface using
     [*Microsoft Word 2007*] in [*14pt Times New Roman*]; *or*

     [     ] this brief has been prepared in a monospaced typeface using [*state
     name and version of word processing program*] with [*state number of
     characters per inch and name of type style*].


Dated: October 29, 2013              /s/ Joseph R. Conte

                                     /s/ Charles J. Soschin
                                     *Counsel for Appellant*

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 29th day of October, 2013, I caused this Brief of Appellant and Joint Appendix to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

Jennifer P. May-Parker
OFFICE OF THE U.S. ATTORNEY
310 New Bern Avenue, Suite 800
Raleigh, North Carolina 27601
(919) 856-4530

*Counsel for Appellee*

I further certify that on this 29th day of October, 2013, I caused the required copies of the Brief of Appellant and Joint Appendix to be hand filed with the Clerk of the Court and a copy of the Sealed Volume of the Joint Appendix to be served, via UPS Ground Transportation, upon counsel for the Appellee, at the above address.

/s/ Joseph R. Conte

/s/ Charles J. Soschin
*Counsel for Appellant*